UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| TRIANDIOS K. COTY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-00883-JPH-TAB |
| | ) | |
| WENDY KNIGHT, | ) | |
| | ) | |
| Respondent. | ) | |

**ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS AND
DIRECTING ENTRY OF FINAL JUDGMENT**

The petition of Triandios Coty for a writ of habeas corpus challenges a prison disciplinary proceeding identified as ISF 18-10-0465 on October 29, 2018. For the reasons explained in this Entry, Mr. Coty's habeas petition must be denied.

**A.      Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal*, 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974).

1

## B. The Disciplinary Proceeding

On October 16, 2018, Investigator Maslin issued a conduct report charging Mr. Coty with violating Code B-240/220, attempt or conspiracy to engage in an unauthorized financial transaction. Dkt. 6-1. The conduct report states:

> On 10/16/18 at approx 08:01 AM recorded JPay files were reviewed by OII Maslin #399[.] During the review process, the JPay letter ID 489881753 posted by Offender Triandios Coty #196504 on 10/10/2018 Dorm 18 N kiosk at 01:05 PM clearly indicates Offender Triandios Coty #196504 was conspiring to engage in an unauthorized financial transaction[.] In the JPay letter #489881753 Offender Triandios Coty #196504 states: 'I need u to text this asap and let them know its [sic] for tri, please. 3178915476. the same half. Or whatever!!! I am in need frfr.'

*Id.* (capitalization modified).

Mr. Coty was notified of the charge on October 23, 2018, when he was served with the conduct report and the notice of disciplinary hearing (screening report). Dkt. 6-1; dkt. 6-3. Mr. Coty pleaded not guilty and he did not request a lay advocate, witnesses, or physical evidence. Dkt. 6-3.

A disciplinary hearing was held on October 29, 2018. Dkt. 6-4. The hearing officer noted Mr. Coty's statement that "I am not talking about no financial trans. I would plea to a C-346 Business act. [or] 361- phone misuse. It was only about contact from one to another." *Id.* After reviewing Mr. Coty's statement, the conduct report and the JPay letter, the hearing officer determined that Mr. Coty was guilty of violating Code B-240/220. *Id.* Mr. Coty was sanctioned with the deprivation of 30 days earned credit time, a credit class demotion, and the imposition of a suspended sanction from an earlier disciplinary proceeding. *Id.*

Mr. Coty filed appeals to the Facility Head and the Final Reviewing Authority. Dkt. 6-5; dkt. 6-6. Both appeals were denied. *Id.* Mr. Coty then brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**C.     Analysis**

Mr. Coty contends that (1) there was insufficient evidence to support the hearing officer's finding of guilt and (2) he was denied an impartial decision maker.

*1.     Sufficiency of Evidence*

Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274; *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). The conduct report "alone" can "provide[] 'some evidence' for the . . . decision." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999).

Mr. Coty was found guilty of violating Code B-240/220. Dkt. 1 at 1. The version of Code B-220 in effect at the relevant time prohibited:

> Engaging in or possessing materials used for unauthorized financial transactions. This includes, but is not limited to, the use or possession of identifying information of credit cards, debit cards, or any other card used to complete a financial transaction. This includes the discussion of engaging in unauthorized financial transaction(s) with any other person.

Dkt. 6-8 at 6.

Code B-240 prohibits "[a]ttempting to commit any Class B offense . . . or conspiring with another person to commit any Class B offense." *Id.* at 7.

The respondent does not contend that Mr. Coty used or possessed a credit card or debit card or any other card. Rather, the respondent relies on the JPay letter to conclude that Mr. Coty attempted to discuss or engage in an unauthorized financial transaction with another person. The

JPay letter written by Mr. Coty stated, "[d]ont worry about that # I gave u!! I need u to text this asap and let them know its for tri, please. 3178915476. the same half. Or whatever!!! I am in need frfr. . . . Let me know asap when u do it. i need u!!!....... Tri." Dkt. 6-2.

The conduct report states that the JPay letter "clearly indicates offender Triandios Coty #196504 was conspiring to engage in an unauthorized financial transaction." Dkt. 6-1. The hearing officer indicated that the conduct report and JPay letter supported the charge of conspiracy to engage in an unauthorized financial transaction because Mr. Coty "talks . . . 'codes'." Dkt. 6-4. The question before the Court is "whether there is *any evidence* in the record that could support the conclusion" that Mr. Coty conspired to engage in an unauthorized financial transaction. *Hill*, 472 U.S. at 455–56 (emphasis added). The Jpay letter includes language "from which the conclusion of the disciplinary board *could be deduced*." *Id.* at 455 (emphasis added). The "it" in "its for tri" can refer to money, and "the same half.  Or whatever!!!" can indicate that Mr. Coty was requesting any amount of money that could be sent. Similarly, "I am in need" can reflect the need for money. The Jpay letter, conduct report, and determination that Mr. Coty was talking in codes therefore provide some evidence that Mr. Coty conspired to engage in an unauthorized financial transaction.

Mr. Coty is not entitled to habeas relief on this basis.

### 2. *Impartial Decision Maker*

A prisoner in a disciplinary action has the right to be heard before an impartial decisionmaker. *Hill*, 472 U.S. at 454. A "sufficiently impartial" decisionmaker is necessary in order to shield the prisoner from the arbitrary deprivation of his liberties. *Gaither v. Anderson*, 236 F.3d 817, 820 (7th Cir. 2000) (per curiam). Hearing officers "are entitled to a presumption of honesty and integrity" absent clear evidence to the contrary. *Piggie v. Cotton*, 342 F.3d 660, 666

(7th Cir. 2003); *see Perotti v. Marberry*, 355 Fed. Appx. 39, 43 (7th Cir. 2009) (citing *Withrow v. Larkin*, 421 U.S. 35, 47 (1975)). Indeed, the "the constitutional standard for impermissible bias is high," and hearing officers "are not deemed biased simply because they presided over a prisoner's previous disciplinary proceeding" or because they are employed by the IDOC. *Piggie*, 342 F.3d at 666. Instead, hearing officers are impermissibly biased when, for example, they are "directly or substantially involved in the factual events underlying the disciplinary charges, or in the investigation thereof." *Id.* at 667.

Mr. Coty asserts that his due process rights were violated because he was found guilty by a caseworker and because two case workers observed the disciplinary hearing. Dkt. 1 at 5. Although the hearing officer is employed as a caseworker, he often serves on the disciplinary hearing board and conducts disciplinary hearings. Dkt. 6-7. In addition, Mr. Coty does not contend that the hearing officer was involved in the events underlying the disciplinary charge or the investigation thereof. Mr. Coty has not overcome the presumption of honesty and integrity to which the hearing officer is entitled.

Two caseworkers, whose presence was noted on the hearing report, were present during Mr. Coty's disciplinary hearing for training purposes. Dkt. 6 at 8; dkt. 6-4. The caseworkers did not participate in the disciplinary hearing or influence the hearing officer's decision. *Id.*

Mr. Coty is not entitled to habeas relief on this basis.

**D.     Conclusion**

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Coty to the relief he seeks.

Accordingly, Mr. Coty's petition for a writ of habeas corpus must be **denied** and the action **dismissed with prejudice**.

Judgment consistent with this Entry shall now issue.

**SO ORDERED.**

Date: 1/24/2020

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

TRIANDIOS K. COTY
196504
PENDLETON - CORRECTIONAL INDUSTRIAL FACILITY
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064

Marjorie H. Lawyer-Smith
INDIANA ATTORNEY GENERAL
marjorie.lawyer-smith@atg.in.gov